Don R. ELDEN and Verna L. Elden, Appellants,

v.

Raymond R. SIMMONS, Bernice L. Simmons, Harry L. Riggs, and Acme Brick Company, Appellees.

No. 52766.

Supreme Court of Oklahoma.

July 7, 1981.

William J. Dale, Bartlesville, for appellants.

Byron D. Todd and John S. Denney, Tulsa, for appellees, Raymond R. Simmons and Bernice L. Simmons.

John R. Carle of Carle & Tanner, Claremore, for appellee, Harry L. Riggs.

William B. Selman of Rhodes, Hieronymus, Holloway & Wilson, Tulsa, for appellee, Acme Brick Co.

BARNES, Vice Chief Justice:

In this cause, we are asked to determine whether the Amended Petition filed by two homeowners, Don and Verna Elden, stated a cause of action against the builder of the home, Harry L. Riggs, and the supplier of bricks used in the home, Acme Brick Company. The action filed by the Eldens was filed in the District Court of Rogers County, Oklahoma. That court sustained the demurrers to the Amended Petition, filed

by the home builder and the brick manufacturer, as well as the previous owners, Raymond and Bernice Simmons, who had conveyed the property to the Eldens.

The Court of Appeals, Division No. 2, reversed the action of the trial court, holding that the Amended Petition did state a cause of action against both Acme Brick and the home builder, but did not state a cause of action against the Simmonses. Both Acme Brick and builder Riggs filed petitions seeking certiorari. These petitions were granted and certiorari issued by prior order of this Court. No petition for certiorari was filed by the Eldens, seeking review of the Court of Appeals' affirmance of the trial court's sustaining of the Simmonses' demurrer. This being the case, whether the petition stated a cause of action against the Simmonses is not before us for review, and the Court of Appeals' ruling on that issue is now final, and is now the law of the case.

We will first determine whether the Eldens' Amended Petition stated a cause of action against the builder-vendor of the home, Harry L. Riggs.

## I.

In *Jeanguneat v. Jackie Hames Const. Co., 576 P.2d 761 (Okl.1978)*, this Court, in abandoning the ancient doctrine of caveat emptor, held that the builder-vendor of a new home impliedly warrants that the new home is or will be completed in a workmanlike manner and is or will be reasonably fit for occupancy as a place of abode, and that such an implied warranty exists, as a matter of law. In so ruling, we held that such an implied warranty exists for a reasonable time.

The question before us today is whether such an implied warranty may be relied upon by one who is a subsequent purchaser of the home, and not the direct purchaser from the builder-vendor. Put another way, the question before us is whether an existing implied warranty of habitability terminates upon resale.

Recently, in *Old Albany Estates v. Highland Carpet Mills, 604 P.2d 849 (Okl.1980)*, we held that a manufacturer of a carpet was liable for breach of a warranty of merchantability and fitness, even though there was no privity of contract between the ultimate purchaser and the manufacturer. In so holding, we stated:

"We hold a manufacturer may be held liable for breach of [an] implied warranty of merchantability or fitness for particular purpose under the Uniform Commercial Code without regard to privity of contract between the manufacturer and the ultimate buyer. Plaintiff, being in the chain of distribution, may maintain a direct action against the defendant [manufacturer] to recover the benefit of his bargain in replacement of the carpet...."

In the case at hand, the plaintiffs, present owners of the home, are the ultimate purchasers of the home, and thus in the vertical chain of distribution. Likewise, the contractor and builder of the home, Mr. Riggs, is also in the chain of distribution and, we hold, may be considered the manufacturer of the home. Under our ruling in *Old Albany Estates, supra*, a homeowner is permitted to maintain suit against a builder or manufacturer of the home for breach of warranty or merchantability and fitness. We see no reason to apply a different rule in situations such as the one before us, where the warranties involved are warranties of habitability and construction in a workmanlike manner. Thus, plaintiffs may maintain a direct action against contractor Riggs, as builder, for breach of an implied warranty of habitability and completion in a workmanlike manner. Whether such warranties were, as to the bricks, still in effect at the time of the alleged breach, is measured by the standard of reasonableness and, as such, must be determined by a jury, *Jeanguneat v. Jackie Hames Const. Co., supra*. See also *Waggoner v. Midwestern Development, Inc., 83 S.D. 57, 154 N.W.2d 803 (1907)*. That is to say, the jury must determine whether, at the time of the alleged breach, it is reasonable to find that the warranty relied upon was still in effect. Such an action is maintainable for five years after the cause of action shall have

accrued, as such actions would come within the purview of the First Subsection of 12 O.S.1971, § 95, which provides that actions upon any contract or agreement or promise in writing may be maintained within five years after the cause of action shall have accrued.[1]

Accordingly, we hold that the petition before us does state a cause of action against contractor Riggs, and that the trial court erred in sustaining contractor Riggs' demurrer to the Amended Petition.

## II.

■ Similarly, under the rationale of *Old Albany Estates, supra,* the plaintiffs, as ultimate purchasers, may maintain a breach of warranty action against the manufacturer of the bricks, Acme Brick Company, even though no privity of contract exists between the plaintiffs and Acme Brick, as Acme is a manufacturer in the chain of distribution. Thus, the Petition before us did state a cause of action against Acme Brick. The trial court, therefore, erred in sustaining Acme's demurrer to the Amended Petition. Again, as in the case of contractor Riggs, the duration of Acme's warranty of the bricks is measured by the standard of reasonableness. It will be for a jury to decide whether the bricks, meant to be used for an exterior of a home, are warranted not to crumble, crack and split within two or three years of construction of the home.

In reaching our holdings today, we note that the requirement of vertical privity as a prerequisite to suit on an implied or express warranty, both under the Uniform Commercial Code and outside the Code, is, given today's market structure, an antiquated notion. A manufactured product placed in the chain of distribution may literally pass through dozens of hands before it reaches the ultimate consumer. When the product is found to be defective, it makes little sense to allow the ultimate consumer redress against his immediate vendors only. If such were the case, the consumer's immediate vendor, if he were to have the full benefit of his bargain, would have to, in turn, sue *his* immediate vendor, who would, in turn, have to sue his vendor, and so on up the chain, until the party ultimately responsible for placing a defective product in the market is reached. It defies common sense to require such an endless chain of litigation in order to hold the party at fault responsible. For this reason, this Court, in *Old Albany Estates v. Highland Carpet Mills, supra,* eliminated the requirement of vertical privity, thus allowing ultimate consumers to bring direct breach of warranty actions against manufacturers of products which are allegedly defective.

The reasons for our holding in *Old Albany Estates, supra,* are just as applicable in cases in which the product is a home. Whether the ultimate consumer is the original purchaser of the home is not a controlling factor, as privity is not required, and as the duration of the implied warranties involved is governed by the standard of reasonableness. If a jury finds that a particular defective component is still under warranty, the ultimate consumer (the present owner) may recover against the builder and/or the manufacturer of the component, if a breach of warranty is found to exist. In short, we hold today that (1) the duration of the implied warranties of habitability and construction in a workmanlike manner does not necessarily terminate on transfer of title to the home, and (2) that present owners of a home are not required to have privity of contract with either the home builder or manufacturer of a particular component involved, in order to maintain an action for breach of warranty.

---

1. While it is arguable that actions, such as the one before us, would be an action upon a contract express or implied, not in writing, and thus must be brought within three years after the cause of action shall have accrued, 12 O.S. 1971, § 95, the suit before us is upon a written contract—a contract for the sale of a home. The implied warranties discussed today are im- plicitly part of that contract. Thus, the suit is not a suit upon a contract not in writing, but rather an action upon a written contract. See *Indian Territory Illuminating Oil Co. v. Rosamond, 190 Okl. 46, 120 P.2d 349 (1941),* where an action on an implied covenant of an oil and gas lease was held to be an action on a written contract.

For the above stated reasons, we reverse the trial court's sustaining of the demurrers to the plaintiffs' Amended Petition, filed by contractor Riggs and the Acme Brick Company. Because the Petition did state a cause of action, the case is remanded to the trial court for further proceedings.

REVERSED AND REMANDED.

All Justices concur.