**PATTY PRECISION, a corporation, Plaintiff-Appellant,**

v.

**BROWN & SHARPE MANUFACTURING CO., General Electric Company, and Tools Capital Corporation, Defendants-Appellees.**

No. 82–2177.

United States Court of Appeals, Tenth Circuit.

Sept. 5, 1984.

Claire Eagan Barrett, Tulsa, Okl. (with Frank M. Hagedorn, Tulsa, Okl., on brief) of Hall, Estill, Hardwick, Gable, Collingsworth & Nelson, P.C., Tulsa, Okl., for plaintiff-appellant.

Sidney G. Dunagan of Gable & Gotwals, Tulsa, Okl. and J.C. Joyce, Tulsa, Okl. (with Joe Francis, Tulsa, Okl., on brief) of Blackstock, Joyce, Pollard, Blackstock & Montgomery, Tulsa, Okl., for defendants-appellees.

Before BARRETT, DOYLE and McKAY, Circuit Judges.

McKAY, Circuit Judge.

In 1974 plaintiff entered into negotiations for the purchase of a tooling machine from defendants. During 1975 plaintiff purchased or leased three such machines. From the moment of delivery until the filing of this suit the machines failed to meet plaintiff's expectations. In fact, because the machines needed almost constant repairs, defendants voluntarily extended the warranty period on the machines until June of 1977. Despite the alleged poor performance of the machines, plaintiff continued to use them to meet the deadlines of a government contract.

After the warranties expired in June 1977, plaintiff attempted to resolve its grievances by meeting with defendants in November 1977. Those attempts were un-

successful and plaintiff filed this diversity suit in May 1978, more than three years after the purchase of the first machine. In its complaint, plaintiff claimed fraud, breach of express and implied warranties, and fraudulent inducement of contract.

The litigation that resulted has been protracted and confused. Initially plaintiff's claims for breach of warranties were dismissed. Later plaintiff was allowed to amend its complaint to include a claim for breach of implied warranties but not breach of express warranties. In addition, the trial court granted defendants' motion for summary judgment on the fraud claims. Although plaintiff's claim based on breach of implied warranties remained, the trial court, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, entered final judgment on all claims except that claim based on implied warranties. At the time of argument of this appeal, the claim based on implied warranties had not been tried.

Plaintiff appeals alleging that the trial court erred in denying plaintiff's motion to add a claim for breach of express warranties to its complaint and in granting summary judgment for defendants on the fraud claims.

When this suit was filed, Oklahoma law required vertical privity to recover economic loss resulting from a breach of warranty. *Hardesty v. Andro Corporation-Webster Division,* 555 P.2d 1030, 1034 (Okla.1976). On the basis of *Hardesty* the trial court granted defendants' motion to dismiss plaintiff's claims for breach of implied and express warranties.[1]

Seven months after that dismissal, however, and prior to any additional substantive motions or hearings, the Oklahoma Supreme Court held that *Hardesty's* analysis, at least with respect to vertical privity in implied warranty cases, was in error. *Old Albany Estates v. Highland Carpet Mills,* 604 P.2d 849, 851–52 (Okla.1979). In *Old Albany* the court discussed the differ-

ence between horizontal and vertical privity and decided that the rationale of the previous cases did not apply to vertical privity, at least with regard to implied warranties of merchantability.

Consequently, plaintiff filed a motion for leave to amend its complaint to include a cause of action based on implied warranties. Several months later plaintiff filed another motion for leave to amend arguing that *Old Albany* abolished the privity requirement for express warranties as well.

The motions were referred to the magistrate, who by minute order dated June 30, 1981, granted the motion to include the implied warranty claim and denied the motion regarding a claim based on express warranties. On July 7, the Oklahoma Supreme Court decided *Elden v. Simmons,* 631 P.2d 739 (Okla.1981). Plaintiff asked the magistrate to reconsider his decision with regard to express warranties on the basis of *Elden,* which plaintiff argued, clarified *Old Albany* as applying to both express and implied warranties. However, the magistrate entered his findings and recommendations on July 17, 1984, in accordance with his minute entry. The trial court accepted the magistrate's findings and recommendations.

Plaintiff argues that the trial court's decision conflicts with the law of Oklahoma as declared by the highest court of that state. Defendants disagree and argue further that if there has been a change in Oklahoma law it should not be given retroactive application.

■ In a diversity case we are obligated to overturn a trial court decision, correct when rendered, if an intervening decision of the highest court of a state changes the applicable law. This rule applies as long as the case is sub judice. *Huddleston v. Dwyer,* 322 U.S. 232, 236, 64 S.Ct. 1015, 1017, 88 L.Ed. 1246 (1944). Consequently, we need only determine the current law of Oklahoma to resolve this issue.

---

**1.** There is no vertical privity in this case because plaintiff purchased defendants' machines through a local distributor. Plaintiff's contract with the distributor contained an exclusion of warranties clause.

The parties are in agreement that *Old Albany* abolished the vertical privity requirement for implied warranties. In *Elden v. Simmons*, 631 P.2d 739 (Okla.1981), the Oklahoma Supreme Court again addressed the issue of vertical privity and implied warranties. While not necessary to reach its decision, the court made the following observation:

In reaching our holdings today, we note that the requirement of vertical privity as a prerequisite to suit on an implied or express warranty, both under the Uniform Commercial Code and outside the Code, is, given today's market structure, an antiquated notion. A manufactured product placed in the chain of distribution may literally pass through dozens of hands before it reaches the ultimate consumer. When the product is found to be defective, it makes little sense to allow the ultimate consumer redress against his immediate vendors only. If such were the case, the consumer's immediate vendor, if he were to have the full benefit of his bargain, would have to, in turn, sue *his* immediate vendor, who would, in turn, have to sue his vendor, and so on up the chain, until the party ultimately responsible for placing a defective product in the market is reached. It defies common sense to require such an endless chain of litigation in order to hold the party at fault responsible. For this reason, this Court, in *Old Albany Estates v. Highland Carpet Mills, supra,* eliminated the requirement of vertical privity, thus allowing ultimate consumers to bring direct breach of warranty actions against manufacturers of products which are allegedly defective.

*Id.* at 742.

The Oklahoma Supreme Court unequivocably states in *Elden* that the rationale underlying *Old Albany* applies to both express and implied warranties. The

court's statement, though dictum, comports with the interpretation of *Old Albany* advanced by plaintiff. The statement is not in conflict with *Old Albany* or subsequent Oklahoma law and is considered persuasive in determining the law of Oklahoma. *See City of Aurora, Colorado v. Bechtel Corp.,* 599 F.2d 382, 386 (10th Cir.1979); *Estate of Goldstein v. Commissioner of Internal Revenue,* 479 F.2d 813, 816 (10th Cir.1973); *Curtis Publishing v. Cassel,* 302 F.2d 132, 135 (10th Cir.1962). Thus, we hold that the trial court abused its discretion in denying plaintiff's motion for leave to amend its complaint on the basis that Oklahoma law requires vertical privity to recover economic damages resulting from a breach of express warranties.

Our holding, however, is not meant to imply that there are no differences based on privity between express and implied warranties. For example, in the case at bar plaintiff is trying to recover from the manufacturer for express warranties allegedly made by the manufacturer. In such a case a vertical privity requirement is and should be unnecessary. The case might be different, however, if a purchaser attempted to recover from a manufacturer on the basis of express warranties made by a distributor when the manufacturer had not made or authorized similar warranties. We need not address what the result might be in such a case.

Plaintiff also alleges that the trial court erred procedurally and substantively in granting summary judgment for defendants on the fraud issues.

During the fall of 1979, both parties were conducting discovery. In December, defendants filed a summary judgment motion and a motion for a protective order to stay discovery pending the disposition of the summary judgment motion. In response, plaintiff filed an affidavit pursuant to Rule 56(f). Fed.R.Civ.P. 56(f).[2] The al-

2. Rule 56(f) provides:
    Should it appear from the affidavits of a party opposing the [summary judgment] motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

leged errors arise from the court's failure to rule on defendants' motion for a protective order and on plaintiff's Rule 56(f) affidavit.

More than a year after the parties filed the above motions the trial court referred all pending motions to a magistrate for findings and recommendations. During that interim plaintiff claims that it attempted no further discovery because of defendants' representations that they would not participate in discovery during the pendency of their motion for a protective order. Record, vol. 2, at 355 (Affidavit of Frank Hagedom, at 3); vol. 7, at 5. The magistrate, although aware of plaintiff's Rule 56(f) affidavit, made no finding or recommendation based on the affidavit. Record, vol. 7, at 6–7. The magistrate did, however, recommend that defendants' motion for summary judgment on the fraud claims be granted and that the motion for a protective order be denied. Record, vol. 2, at 455.

Another fourteen months passed between the time the magistrate filed his findings and recommendations and the hearing before the district court on the parties' objections to those findings and recommendations. Plaintiff did not pursue further discovery during that period.

At the hearing before the district court, plaintiff requested the court to either rule on its Rule 56(f) affidavit or grant plaintiff time to file affidavits opposing defendants' summary judgment motion because plaintiff had not filed opposing affidavits pending a disposition of the Rule 56(f) affidavit. The trial court sustained the magistrate's findings and recommendations on all points without ruling on plaintiff's Rule 56(f) affi-

davit or its request for time to file opposing affidavits.

When a party files an affidavit under Rule 56(f) for additional discovery time, the party invokes the trial court's discretion. Thus, unless the trial court abuses its discretion, its determination will not be disturbed. *American Lease Plans v. Silver Sand Co.*, 637 F.2d 311, 317–18 (5th Cir.1981). Under Rule 56(f) the trial court may deny the affiant's request for additional time, deny the motion for summary judgment (usually without prejudice), order a continuance for additional discovery or make "such other order as is just." [3] Fed. R.Civ.P. 56(f).

An affidavit under Rule 56(f) should be treated liberally unless dilatory or lacking in merit. *Walters v. City of Ocean Springs*, 626 F.2d 1317, 1321 (5th Cir.1980) (citing 6 (pt. 2) J. Moore, Federal Practice ¶ 56.24, at 56–1424 to –1436 (2d ed. 1979)). In particular, a party's access to witnesses or material is of crucial importance, *id.*, as in fraud or antitrust cases where the information is likely to be in the sole possession of the opposing party. However, a mere assertion "that the evidence supporting a [party's] allegation is in the hands of the [opposing party] is insufficient to justify a denial of a motion for summary judgment under Rule 56(f)." *Contemporary Mission, Inc. v. United States Postal Service*, 648 F.2d 97, 107 (2d Cir.1981). Rather, the party filing the affidavit must show how additional time will enable him to rebut movant's allegations of no genuine issue of fact. *Wallace v. Brownell Pontiac-GMC Co.*, 703 F.2d 525, 527 (11th Cir.1983). Furthermore, if the party filing the Rule 56(f) affidavit has been dilatory,[4] or the information sought is either irrelevant[5] to the summary judgment mo-

Fed.R.Civ.P. 56(f).

**3.** Courts have used this language to place conditions on the granting of a Rule 56(f) motion. Those conditions have required that discovery be completed within a specified time, that the scope, issues or persons available for discovery be limited, or that the movant be required to reimburse expenses. 10A C. Wright & A. Miller, Federal Practice and Procedure Civil 2d § 2740 at 539 (1983).

**4.** *See Paul Kadair Inc. v. Sony Corp.*, 694 F.2d 1017, 1031 (5th Cir.1983), where the Fifth Circuit enumerates eight factors to be considered in determining whether a party has been dilatory in seeking discovery.

**5.** *See Exxon Corp. v. Federal Trade Commission*, 663 F.2d 120, 128 & n. 25 (D.C.Cir.1980).

tion or merely cumulative,[6] no extension will be granted.

Clearly the trial judge's discretion will rarely be disturbed. However, in this case the trial court, although aware of the Rule 56(f) affidavit, did not exercise its discretion.

Defendants argue that despite the court's failure to deal with plaintiff's Rule 56(f) affidavit for over two years, the court did not err in granting summary judgment. Plaintiff, defendants argue, had ample time to take any additional discovery needed during the fifteen months which elapsed between the filing of defendants' motion for summary judgment and the time when the magistrate filed his findings and recommendations.

■ Defendants' position ignores, however, their motion for a protective order under Rule 26(c) which was pending at the same time. A party is not obligated to attempt additional discovery during the pendency of a protective order, especially when opposing counsel has informed the party that all attempts to take discovery will be resisted. Plaintiff in this case could have forced the issue by noticing a deposition and seeking a motion to compel if defendants had refused to appear. This court, however, will not require a party to needlessly confuse the issues of a case and add additional burdens to the workload of the trial court when the correct disposition of the matter merely requires the court to rule on the motions pending before it.

■ Finally, defendants contend that after the magistrate denied their motion for a protective order plaintiff had more than a year to conduct discovery before the trial court ruled on the findings and recommendations of the magistrate. While plaintiff could have attempted to pursue discovery, it nevertheless chose to file its objections to the finding and recommendations of the magistrate. One of those objections was the magistrate's failure to consider plain-

tiff's Rule 56(f) affidavit. Plaintiff followed a reasonable course considering the procedural status of the case.

Because of the uncertainty created by the court's failure to exercise its discretion, the likelihood of prejudice to the plaintiff and the current status of this case, we reverse the court's grant of summary judgment and remand for the trial court to expressly consider plaintiff's Rule 56(f) affidavit. We express no opinion on the merits of defendants' summary judgment motion. We hold only that the trial judge must expressly rule on plaintiff's Rule 56(f) affidavit and give specific reasons for the grant or denial thereof. Regardless of the trial court's disposition of the affidavit, that disposition will not be disturbed absent a clear abuse of discretion. Also, absent certification by the trial court, the disposition of the Rule 56(f) affidavit and subsequently the summary judgment motion will not be reviewable until final judgment is entered on all of the fraud and warranty claims.

The case is reversed and remanded for the trial court to reconsider plaintiff's motion for leave to amend its complaint to include a claim for breach of express warranties in light of *Old Albany, Elden* and this opinion. In addition, the trial court is to specifically rule on plaintiff's Rule 56(f) affidavit before making any ruling on defendants' summary judgment motion.

REVERSED AND REMANDED.

---

**6.** *California Apparel Creators v. Wieder of California Inc.,* 162 F.2d 893, 901 (2d Cir.), *cert.* denied, 332 U.S. 816, 68 S.Ct. 156, 92 L.Ed. 393 (1947).