Elliott G. **RICE, Samuel Kumagai and Ben Miyahara, suing on behalf of themselves and for the benefit of other common shareholders of Hamilton Oil Corporation similarly situated, Plaintiffs,**

v.

**HAMILTON OIL CORPORATION, Frederic C. Hamilton, Pehr G. Gyllenhammar, Ulf G. Linden, P. David Mantor, Jay A. Precourt, John W.R. Sutcliffe, Peter Matthews, Anthony J.A. Bryan, Charles C. Gates, Robert A. Henderson, Robert M. Jenny, Howard M. Love, Robert G. Stone, Jr., AB Volvo, a Swedish corporation, and Volvo North America Corporation, Defendants.**

**Civ. A. No. 85–Z–1346.**

United States District Court, D. Colorado.

Feb. 27, 1987.

---

**7.** Pursuant to the Stipulation for Settlement filed on February 6, 1986.

Gerald L. Bader, Jr., Jeffrey M. Villaneuve, Bader & Cox, Denver, Colo., Arthur N. Abbey, Mark C. Gardy, Abbey & Ellis, New York City, John E. Moye, Charles F. Luce, Moye, Giles, O'Keefe, Vermeire & Gorrell, Denver, Colo., Walter Predovich, Lester L. Ward, Predovich, Ward & Banner, Pueblo, Colo., for plaintiffs.

Fred H. Bartlit, Jr., Bruce A. Featherstone, Kevin M. O'Brien, Scott R. Bauer, Kirkland & Ellis, Denver, Colo., for Hamilton Oil Corp., Frederic C. Hamilton, P. David Mantor, Jay A. Precourt, John W.R. Sutcliffe, Peter Matthews, Anthony J.A. Bryan, Charles C. Gates, Robert A. Henderson, Robert M. Jenny, Howard M. Love, Robert G. Stone, Jr.

James A. Clark, Thomas J. Overton, Baker & Hostetler, Denver, Colo. and W. Foster Wollen, William J.F. Roll, III, Shearman & Sterling, New York City, for Pehr G. Gyllenhammer, Ulf G. Linden, AB Volvo, and Volvo North America Corp.

## ORDER

WEINSHIENK, District Judge.

This matter is before the Court on Defendants' Motion for Summary Judgment and the Hamilton Defendants' Motion for Rule 11 Sanctions. Pursuant to Local Rule 603 and 28 U.S.C. § 636(b)(1)(B), the Court referred the Motion for Summary Judgment to Magistrate Donald E. Abram. The Magistrate made findings of fact and conclusions of law, and recommended that the Defendants' Motion for Summary Judgment be granted.

Plaintiff's have filed objections to the Recommendation By United States Magistrate (Magistrate's recommendation) and defendants have responded to those objections. The Court has considered the pleadings and other evidence which was before the Magistrate as well as the additional memoranda and exhibits which the parties have submitted subsequent to the Magistrate's recommendation. The issues relating to summary judgment have been extensively briefed. The Court, being fully advised, determines that oral argument will not further the Court's understanding of this matter. Accordingly, the Court is prepared to rule.

The Magistrate, after a careful analysis of the evidence before him, determined as a matter of law that defendants did not violate Section 14(e) of the Securities Ex-

448

change Act of 1934 as amended, 15 U.S.C. § 78n(e), because there was no material nondisclosure in connection with the tender offer by AB Volvo and Volvo North American Corporation (hereinafter collectively referred to as Volvo) of the Hamilton Oil Corporation (Hamilton) stock.

The plaintiffs have not specifically objected to the Magistrate's conclusion that there was no material nondisclosure concerning Frederic Hamilton's stock sale, or concerning the separate views held by one of Hamilton's directors. Nor have the plaintiffs objected to the Magistrate's finding that there is no genuine issue of fact concerning other alleged potential tender offers and the absence of any appraisal of Hamilton's stocks or assets. The Court agrees that the plaintiffs have presented no genuine issue of material fact concerning these issues, and defendants are entitled to summary judgment as a matter of law.

The Court is required to make a *de novo* determination of those portions of the Magistrate's recommendation to which objections are made. 28 U.S.C. § 636(b)(1). Initially, this Court agrees that the Magistrate applied the correct standard to the Motion for Summary Judgment. The defendants, as movants, have the burden of establishing that there is no genuine issue of material fact. Once the movants meet this burden, by depositions, affidavits, and other evidence, the plaintiffs have the burden of setting forth specific facts, beyond their pleadings to show that there is a genuine issue for trial. The Supreme Court has recently stated, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Electrical Ind. Co. v. Zenith Radio,* —— U.S. ——, ——, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538, 552 (1986). *See also Anderson v. Liberty Lobby, Inc.,* —— U.S. ——, ——, 106 S.Ct. 2505, 2512, 2514, 91 L.Ed.2d 202, 213 (1986) (stating that the summary judgment standard mirrors the standard under Fed.R.Civ.P. 50(a)).

■ Plaintiffs object to the Magistrate's conclusion that no § 14(e) violation existed with regard to Hamilton's alleged North Sea discoveries and its reserve estimates. Tender offer materials must disclose "soft" information such as appraisals, estimates and forecasts with respect to oil and gas discoveries only if there is a substantial certainty that these estimates will increase "proved" reserves. *See Radol v. Thomas,* 772 F.2d 244, 252–253 (6th Cir.1985) *cert. denied* —— U.S. ——, 106 S.Ct. 3272, 91 L.Ed.2d 562 (1986); *Starkman v. Marathon Oil Co.,* 772 F.2d 231, 241–242 (6th Cir.1985) *cert. denied* —— U.S. ——, 106 S.Ct. 1195, 89 L.Ed.2d 310 (1986). Indeed, the Tenth Circuit Court of Appeals has noted that "[a]ny statement concerning 'oil reserves' other than in the category of 'proved' could certainly be misleading to any investor other than one who is an expert in the industry." *Sunray DX Oil Co. v. Helmerich & Payne, Inc.,* 398 F.2d 447, 451 (10th Cir.1968). There is no evidence in the record that the April 10, 1984 North Sea discoveries increased reserves.

■ Moreover, the record supports the Magistrate's conclusion that, even if the reserve information was material, "... the plaintiffs had sufficient personal knowledge of the North Sea finds in order to make a reasonable decision." (Mag.Rec. at 10). Plaintiffs cannot reasonably claim that they were deceived by alleged omissions when they had knowledge of the information claimed to be omitted. *Kademian v. Ladish Co.,* 792 F.2d 614, 623 (7th Cir.1986). The Magistrate correctly considered the "total mix" of information available to plaintiffs. *See TSC Industries, Inc. v. Northway Inc.,* 426 U.S. 438, 449, 96 S.Ct. 2126, 2132, 48 L.Ed.2d 757 (1976). The Court agrees that the alleged omissions concerning the North Sea discoveries and the Esmond Gas Complex do not create a genuine issue of material fact on the § 14(e) claim because plaintiffs have set forth no evidence from which this Court can infer materiality. *See Anderson v. Liberty Lobby, Inc.,* 106 S.Ct. at 2510; *Cel-*

otex Corp. v. Catrett, — U.S. —, —, 106 S.Ct. 2548 at 2552–2553, 91 L.Ed.2d 265, 274–275 (1986).

Plaintiffs claim that they were misled by the omissions in the tender documents concerning the changes in the British tax laws and the effect this would have on Hamilton. This assertion is refuted by disclosure in the Company's 1984 first quarter report and the ten year earning projections in Volvo's tender offer document which informed shareholders that the projections incorporate the British tax law changes. These projections show a substantial increase in Hamilton's projected earnings on an earnings per share basis. Finally, the September 20, 1984, letter from the Hamilton Board of Directors in which the directors remained neutral on the Volvo tender offer states that: "We suggest that each Shareholder read the Tender Offer document from Volvo dated September 14, 1984 carefully, including information on earnings projections on page 10."

In sum, based on the information in these documents, which plaintiffs are charged with knowing, *see Zobrist v. Coal X,* 708 F.2d 1511, 1518 (10th Cir.1983), there was no material omission regarding the British tax laws and this new claim is not well founded in fact and law.

Finally, plaintiffs have made no showing that further discovery is warranted in this case. *See Patty Precision v. Brown & Sharpe Manufacturing Co.,* 742 F.2d 1260, 1264 (10th Cir.1984). The Magistrate based his recommendation on facts disclosed in depositions, tender offer materials, company reports, press reports, and analysts' reports. This evidence demonstrates, as a matter of law, that "plaintiffs' allegations [are] either not sufficient to establish the requisite element of deception, even if proved, or [are] conclusively refuted." *Alabama Farm Bureau Mutual Casualty Co. Inc. v. American Fidelity Life Insurance Co.,* 606 F.2d 602, 610 (5th Cir.1979). The Court determines that further discovery will not create a genuine issue of material fact.

The Court has carefully considered the Magistrate's recommendation, the plaintiffs' objections thereto, the numerous pleadings and exhibits in this case as well as the entire file and the relevant case law.

After a thorough review, the Court determines that the Magistrate's recommendation is correct and that the defendants are entitled to summary judgment on Count I, the § 14(e) claim which is the only federal claim in this case. Thus, the Court accepts and adopts the Magistrate's findings of fact and conclusions of law. Accordingly, the Court will grant Defendants' Motion for Summary Judgment as to the federal claim and will dismiss the state pendant claims without prejudice.

■ The only remaining issue before the Court is the Hamilton defendants' Motion for Rule 11 Sanctions. The Magistrate's recommendation, dated December 11, 1986, reminded plaintiffs of their obligations under Rule 11 because he was "deeply concerned about the factual and legal claims in this case." (Mag.Rec. at 12.)

Plaintiffs' Objections to the Recommendation of U.S. Magistrate ("Objections"), filed December 30, 1986, contains two distortions of law and fact.

First, plaintiffs claim in their Objections that the changes in the British tax laws were not disclosed to Hamilton shareholders. As noted above, the documents made available to the Hamilton stockholders contained information relating to the fact and potential effect of the change in tax laws. This information belies plaintiffs' claim of nondisclosure. Of greater concern to this Court is the selective omission of portions of a quote by Frederic Hamilton which distorted the meaning of his statement. Plaintiffs presented to the Court a portion of a quote by Mr. Hamilton in which he supposedly characterized the tax change as "material non-public information concerning developments in the corporation." Mr. Hamilton's entire statement, in fact, reveals that the alleged omissions were contained in the tender documents. Mr. Hamilton said, "... he was not aware of any

material nonpublic information concerning developments in the corporation *except the 10 year forecasts which had been described in the tender document.*" (Emphasis added.)

Secondly, the plaintiffs, for the second time, mischaracterize the holding of *Radol v. Thomas*, 772 F.2d 244 (6th Cir.1985). The plaintiffs state that, "The Court held in *Radol v. Thomas*, 772 F.2d 244 (6th Cir. 1985) that the materiality of asset appraisals was 'best left to the jury'...."

In fact, the quoted passage refers to the trial court's ruling in *Radol*, which was explicitly rejected by the circuit court:

Indeed, if there was error below on this issue, it was in allowing it to reach the jury. There is no other reported decision sending the materiality of an asset appraisal to the jury; every such decision involving an asset appraisal has held that there was no duty to disclose the appraisal.... [T]he District Court should have ruled that the reports were not material and removed the issue from the jury.

*Radol*, 772 F.2d at 253.

Rule 11, as amended in 1983, requires that an attorney who signs a document filed in this Court, certify that to the best of his knowledge, information and belief formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose such as to harrass, cause delay or needlessly increase litigation expenses of the opponent.

Rule 11 requires the Court, upon finding a violation of this Rule, to impose upon the person who signed the paper, a represented party, or both, an appropriate sanction.

Since the 1983 amendment, a showing of subjective bad faith is not required under Rule 11. *See Burkhart Through Meeks v. Kinsley Bank*, 804 F.2d 588, 589 (10th Cir. 1986). The Notes of Advisory Committee on Rules make it clear that although bad faith is no longer required, "... in considering the nature and severity of the sanctions to be imposed, the Court should take account of the state of the attorney's or party's actual or presumed knowledge when the pleading or other paper was signed." *Id.* at 589, 590. The Court notes that Mr. Bader knew or should have known that his partial quotes, taken out of context would mislead the Court if left uncorrected. In this case, it appears that the policies behind Rule 11 would be served by imposing sanctions on plaintiffs' attorney to deter this type of conduct which was either careless or in bad faith. Accordingly it is

ORDERED that the Hamilton defendants' Motion for Rule 11 Sanctions is granted. It is

FURTHER ORDERED that the law firm of Bader and Cox shall pay to the Hamilton defendants, Hamilton Oil Corporation and Frederic C. Hamilton, $200.00 which the Hamilton defendants may apply toward attorney's fees spent on defendants' Joint Response to Plaintiffs' Objections to Magistrate's Recommendation and the Hamilton defendants' Motion for Rule 11 Sanctions. It is

FURTHER ORDERED that Defendants' Motion for Summary Judgment is granted and Count I is dismissed with prejudice. It is

FURTHER ORDERED that the Court will dismiss the remaining pendent claims without prejudice. It is

FURTHER ORDERED that Plaintiffs' Motion for Class Certification is moot.