UNITED STATES of America, Plaintiff,

v.

Thomas A. BURGER, Defendant.

No. 91–40002–01.

United States District Court,
D. Kansas.

Dec. 29, 1992.

Lee Thompson, U.S. Atty., Richard L. Hathaway, Asst. U.S. Atty., for U.S.

Dennis W. Moore, Overland Park, KS, Sam Rosenthal, pro hac vice, Curtis Mallet–Prevose, Colt & Mosle, Washington, DC, for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court for resentencing of the defendant Thomas A. Burger. The court previously sentenced the defendant on August 1st, 1991. The defendant appealed the court's sentence and the Tenth Circuit remanded for resentencing.

The Tenth Circuit stated:

We hold that Burger is entitled to a resentencing during the course of which he shall have the opportunity to "comment upon [the letters in question and] the probation officer's determination and other matters relating to the appropriate sentence."

*United States v. Burger,* 964 F.2d 1065, 1072–73 The Circuit further commented that there was no evidence in the record to support immediate restitution. *Id.* at 1072.

On October 15, 1992, this court ordered the United States Probation Office ("USPO") to provide the defendant and the court with a summary of how the restitution amount was obtained. The defendant already was in possession of the letters in question. The court directed that a hearing on the issues on remand would be held commencing at 9 a.m., December 21, 1992.

On that date the defendant appeared in person and by Dennis W. Moore, his court appointed counsel, who has represented Mr. Burger throughout the entirety of these proceedings.[1] The government was represented by Assistant United States Attorney Richard L. Hathaway.

Prior to the hearing, the defendant submitted a Resentencing Memorandum (Doc. 468) and a Supplemental Resentencing Memorandum (Doc. 469). At the hearing the defendant was allowed to comment on the letters at length, and, in addition, was allowed to revisit issues that were already affirmed by the Circuit. Consistent with the mandate of the Circuit this order will only deal with issues that were remanded for consideration.

For this reason, and because the defendant presented no new issues on matters such as recusal and the amount of loss, the request for relief that goes beyond the mandated issues are hereby overruled and denied.

The court finds the defendant's sentence, previously pronounced, is proper and will make the following order. The defendant is sentenced to 144 months, restitution of $6,000,000, supervised release of 3 years, and no fine as set forth more fully in the Judgment In A Criminal Case upon remand, filed contemporaneously with this Memorandum and Order.

Having considered the file in this case, including the arguments of counsel, the Court is prepared to rule on those issues remanded.[2]

■ The defendant argues that the Court should disregard the letters in imposing sentence because they contain inaccurate information. The court finds that it need not make a finding as to each matter controverted, because the matters controverted, with one exception, will not be taken into account in sentencing. Fed. R.Crim.P. 32(c)(3)(D). That one exception is the amount of restitution that the victim seeks from Burger amounting to $6,000,000.

Because the court finds that this figure is well within $127,665,742, the amount of loss computed by the USPO to be the "net total of damages reflecting actual losses to the RTC from Mr. Burger's involvement," the court imposes restitution in the amount of $6,000,000.[3] The court notes that the

---

1. Although the court appointed Mr. Moore to represent the defendant throughout the remainder of the proceedings, it did so solely to protect the defendant's rights on remand. The defendant represented to the court that he is indigent and the court has no way of determining the truthfulness of this allegation. Therefore, counsel was appointed.

2. The court inquired if there was an objection to taking this matter under advisement and issuing a written order in respect to sentencing. Both the government and the defendant indicated they had no objection to this procedure.

3. In *Burger,* the Circuit found no clear error in adopting the findings of the USPO concerning the amount of loss. *Supra,* at 1074–75.

defendant has demonstrated substantial entrepreneurial skills up to the date of the his incarceration on the instant offense.

The defendant was earning $230,000 per annum at the time he left Peoples as Senior Executive Vice President. *See* Presentence Investigation Report at 30. He was also a director and Interim Chief Executive Officer for Ameriwest/ABQ in Albuquerque. He was involved as sole owner of Tomco Financial Services earning a $330,000 loan commission in relation to what appears to have been a finders fee. *Id.* at 10.

While Burger argues that he will not be able to obtain employment in the financial industry in the future because of his convictions, he clearly demonstrated his intent to leave the financial field and pursue his interest and utilize his abilities in land development. In April of 1989, he joined North Star California as an administrator developing real estate projects, projecting a $225,000 income on his first project. *Id.* at 30.

Based on the record before the court there is no reason to believe that the defendant will be unable to utilize these demonstrated abilities in the future. Therefore, the court imposes an order of immediate restitution commencing with installments in accordance with the defendant's agreement with the Bureau of Prisons. In the defendant's Supplemental Resentencing Memorandum (Doc. 469) he attaches a memo from his counselor, A. Turead ("Turead"), in which Turead notes that the defendant has "agreed to allow the Bureau of Prisons to withold [sic] a quarterly amount of his inmate pay to be used for the repayment of his restitution amount awarded by the Court."

If restitution was not ordered to be imposed immediately there would be no vehicle to collect and forward these payments to the victim of these losses, a situation which would contravene the interests of justice.

■ It is within the privilege of the victim to seek less in restitution than that to which he is entitled.

The court emphasizes that it did not read nor rely on "the letters" that form the basis of the instant controversy. It is the practice of this court to immediately forward, without reading, to the USPO correspondence that is routinely received by the court from victims as well as supporters of defendants. The USPO is then to include information from these letters as it deems appropriate in a nonargumentative fashion within the PSIR.

Accordingly, with the exception of the amount of restitution requested by the victim, which was promoted by the USPO and apparently finds its basis in one of the letters, the remainder of the controverted materials will not be taken into account in sentencing.

IT IS BY THE COURT THEREFORE ORDERED that the defendant is sentenced to a term of 144 months incarceration, restitution of $6,000,000 due immediately, supervised release of 3 years, and no fine as fully set forth in the Judgment filed contemporaneously with this memorandum and order.