16 F.3d 417
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas A. BURGER, Defendant-Appellant.
 No. 93-3005.
 United States Court of Appeals, Tenth Circuit.
 Dec. 22, 1993.
 
 Before TACHA, SETH, and ALDISERT*, Circuit Judges.
 ORDER AND JUDGMENT**
 ALDISERT, Senior Circuit Judge.
 
 
 1
 After Thomas A. Burger pleaded guilty to five counts of fraud, he was sentenced to 144 months imprisonment and ordered to pay $6 million in restitution to his victims. Thereafter he appealed, United States v. Burger, 964 F.2d 1065 (10th Cir.1992) (Burger I ), contending that: (1) the district court erred in refusing to recuse itself; (2) his plea should be vacated; (3) even if he was not entitled to withdraw his plea, his sentence must be vacated as a result of procedural errors; and (4) even if the court did not err in the procedures employed in sentencing him, the sentence itself was unlawful and must be vacated. Id. at 1069. We rejected all of Appellant's contentions except the allegation of procedural error at sentencing and, in vacating the sentence, we ordered that he be permitted to comment on certain letters from the victims and other matters related to sentencing. After receiving the comments of Appellant, the district court reimposed its sentence and order imposing the $6 million in restitution. United States v. Burger, 809 F.Supp. 851, 853 (D.Kan.1992) (Burger II ). This appeal followed.
 
 
 2
 The district court had jurisdiction pursuant to 18 U.S.C. Sec. 3231. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. The appeal was timely filed under Rule 4(b) of the Federal Rules of Appellate Procedure.
 
 I.
 
 3
 Appellant was indicted on 25 counts for his participation in a savings and loan scandal. In an agreement with the government, he pleaded guilty to five counts, and the district court pronounced sentence. In his first appeal, Appellant argued that the district court should have recused itself after receiving ex parte letters from the victims and that his plea should be vacated. Burger I, 964 F.2d at 1069.
 
 
 4
 We affirmed Appellant's conviction but remanded for resentencing and ordered that he be permitted to comment on the victim letters as well as other matters relating to sentencing. Id. at 1073. We also held that: (1) recusal of the district court judge was not required, id. at 1070; (2) Appellant was not entitled to withdraw his guilty plea because he was informed of and comprehended both the nature and consequences of his plea, id. at 1071; (3) the term of imprisonment was well below the maximum term allowable under the law, id.; (4) the district court's utilization of more than $80 million in calculating loss was not clearly erroneous, id. at 1075; and (5) the imposition of multiple sentencing was not improper, id. at 1072.
 
 
 5
 On remand, Appellant commented on the letters in question as authorized by this court in Burger I. The district court re-imposed the original sentence in Burger II.
 
 II.
 
 6
 Appellant again appeals and asserts numerous contentions, most of which are governed by the "law of the case" doctrine as having been previously adjudicated by us in Burger I. He argues that: (1) the amount of restitution assessed exceeded the amount of loss attributable to his conduct and that the calculated harm included unproven losses attributable to dismissed counts and unindicted offenses; (2) the judge should have recused himself after receiving ex parte communications from Appellant's victims; (3) the 144 month sentence exceeded the five year sentence he understood he would receive under the plea agreement; and (4) he received multiple sentences for the same scheme when he should have received concurrent sentences.
 
 
 7
 "The law of the case 'doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.' " United States v. Monsisvais, 946 F.2d 114, 115 (10th Cir.1991) (quoting Arizona v. California, 460 U.S. 605, 618 (1983)).
 
 
 8
 Circumstances justifying a departure from the law of the case are stringently limited. As stated by the former chief judge of this court, Orie L. Phillips, while assigned to another court of appeals, the law of the case must be followed "unless the evidence on a subsequent trial was substantially different, controlling authority has since made a contrary decision of the law applicable to such issues, or the decision was clearly erroneous and would work a manifest injustice." White v. Murtha, 377 F.2d 428, 432 (5th Cir.1967) (footnote omitted). We have applied and continue to apply the teachings of Chief Judge Phillips to cases before us. See, e.g., Monsisvais, 946 F.2d at 117; Major v. Benton, 647 F.2d 110, 112 (10th Cir.1981).
 
 
 9
 We have determined that none of the three circumstances that might justify departure from the law of the case exist here. We conclude, therefore, that Appellant's contentions have been adjudicated previously by this court adversely to him and are controlled by the law of the case. One contention, however, has not been previously decided, and it is to that which we now turn.
 
 III.
 
 10
 Appellant argues that the district court's failure to order the Probation Office to provide more specific information as to how it arrived at the restitution recommendation deprived him of his right to due process. Brief for Appellant at 33. Because we permitted Appellant to comment on "other matters relating to the appropriate sentence," we will consider this question, although we are not convinced that his due process contention was presented to the district court.
 
 
 11
 We review the district court's denial of a request for discovery for an abuse of discretion. See Patty Precision v. Brown & Sharpe Mfg. Co., 742 F.2d 1260, 1264 (10th Cir.1984).
 
 
 12
 On remand the district court ordered the Probation Office to "provide defendant and the Court on or before November 20, 1992, a summary of how it arrived at the recommended amount of restitution." Brief for Appellant at 7. Complying with the order, the Probation Office sent a letter dated November 19, 1992 to defense counsel, explaining its criteria in arriving at the $6 million figure. The district court was satisfied with this explanation. Appellant was not. He contends that the letter was "simplistic and certainly void of any meaningful information." Reply Brief at 8. After receiving the letter from the Probation Office, Appellant's counsel requested a list of the representatives from the Federal Deposit Insurance Corporation and the Resolution Trust Corporation with whom the Probation Office had contact concerning the Appellant, including a synopsis of conversations. He then filed a motion for an Order to Comply, arguing that the Probation Office failed to comply with this court's original order to supply information as to how it arrived at the $6 million figure. Persuaded that sufficient information was provided, the district court exercised its discretion and denied the motion.
 
 
 13
 We are satisfied that the Probation Office's letter to defense counsel sufficiently detailed its method for arriving at the restitution amount. The letter states that it took into account numerous factors, including the financial resources of the Appellant and the need for restitution, punishment and deterrence. It evaluated victim losses--which it placed at approximately $112 million--as well as the previous, current and possible future resources of the Appellant which might bear on his ability to pay. It looked at the culpability of the Appellant as well.
 
 
 14
 The letter also noted that under the Sentencing Guidelines, Section 2B1.1, Application Note 3, " '[t]he loss need not be determined with precision, and may be inferred from any reasonably reliable information available, including the scope of the operation.' " Nov. 19 Letter of Probation Office at 3. The estimated monumental loss to the victims was $112 million. Although Appellant argues that the stated amount is speculative, he admits to receiving three estimates of the total loss, ranging from $112 million to $148 million. Although the total loss to his victims may not have been established with mathematical precision, two things are clear: The loss exceeded $100 million, and we have previously held that the court-ordered restitution of $6 million was not excessive. Under these circumstances, the Probation Office's letter sufficiently detailed how the restitution figure was reached. Denial of Appellant's motion was not an abuse of discretion.
 
 IV.
 
 15
 We have considered all contentions presented by Appellant and are satisfied with the reasoning of the district court on remand. To the extent not discussed herein, Appellant's other arguments have been considered and rejected.
 
 
 16
 We AFFIRM the judgment of the district court.
 
 
 
 *
 Ruggero J. Aldisert, Senior Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3