**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 1 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOHN F. HOUCK, JR.,

        Plaintiff-Appellant,

v.

CITY OF PRAIRIE VILLAGE,
KANSAS; CHARLES F. GROVER,

        Defendants-Appellees.

-----------------------------------------------

JOHNSON COUNTY SHERIFF'S
DEPARTMENT,

        Movant.

No. 97-3294
(D.C. No. 95-4066-RDR)
(D. Kan.)

**ORDER AND JUDGMENT** [*]

Before **PORFILIO** , **KELLY** , and **HENRY** , Circuit Judges.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff filed an action against the City of Prairie Village and Charles Grover, the Chief of Police, alleging employment discrimination based on several federal and state statutes. [1] The district court granted summary judgment in favor of both defendants on all claims. On appeal, plaintiff argues error in the grant of summary judgment on his 42 U.S.C. § 1983 claims against the City and Grover, as well as his claim based on the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213. Plaintiff also argues on appeal that summary judgment was improper because there was outstanding discovery by reason of the City's failure to comply with the magistrate judge's order compelling discovery.

We review the grant of summary judgment de novo. *See Jenkins v. Wood*, 81 F.3d 988, 990 (10th Cir. 1996). We apply the same standard as the district court to determine whether there is a genuine issue as to any material fact and whether defendant is entitled to judgment as a matter of law. *See id.* We view the evidence and the inferences that can be drawn therefrom in the light most

---

[1] Plaintiff's action also named Barbara Vernon as a defendant. Plaintiff conceded Vernon's dismissal with prejudice in the district court. *See Houck v. City of Prairie Village*, 912 F. Supp. 1428, 1430 (D. Kan. 1996).

favorable to plaintiff. *See id.* Guided by these standards, we have reviewed the evidence contained in the extensive record before us. We conclude the district court was correct in its judgment, and, therefore, we affirm.

The district court has extensively detailed the facts of this case in three published opinions, *see Houck v. City of Prairie Village*, 978 F. Supp. 1397 (D. Kan. 1997); *Houck v. City of Prairie Village*, 942 F. Supp. 493 (D. Kan. 1996); *Houck v. City of Prairie Village*, 912 F. Supp. 1428 (D. Kan. 1996), and we will not repeat them here. Plaintiff's § 1983 claims are based on his allegation that defendants were deliberately indifferent to his medical needs in not obtaining immediate psychiatric treatment for him, but instead held him at the police station for approximately two hours before he was transferred to the county facility. In addition, plaintiff alleges violation of his rights as a result of defendants' failure to train officers to handle an incident involving arrest of a police officer with psychiatric implications. Plaintiff also appeals the district court's judgment on his claim that defendants violated the ADA and discriminated against him on the basis of his mental disability in their decisions regarding his arrest, treatment, and/or employment.

In addition to these arguments on appeal, plaintiff argues that the district court should have withheld a ruling on the City's motion for summary judgment because the City had failed to comply with the magistrate judge's order

compelling discovery. However, as defendants point out, Fed. R. Civ. P. 56 has a mechanism for just this situation. Subsection (f) of the rule provides that the party opposing the summary judgment motion can file an affidavit stating the reasons the party cannot present "facts essential to justify the party's opposition." The rule provides that the court may then "refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." Fed. R. Civ. P. 56(f). Plaintiff failed to avail himself of this procedure as regards the City's motion. [2]

In an apparent effort to excuse compliance with Rule 56(f), plaintiff cites this court's decision in *Patty Precision v. Brown & Sharpe Mfg. Co.*, 742 F.2d 1260 (10th Cir. 1984), and the Ninth Circuit decision in *Garrett v. City & County of San Francisco*, 818 F.2d 1515 (9th Cir. 1987). Neither case is helpful to plaintiff. In *Patty Precision*, we held that the district court's failure to exercise its discretion and rule on the nonmovant's Rule 56(f) affidavit was error. 742 F.2d at 1265. Plaintiff in this case did not file a Rule 56(f) affidavit, nor was there a

---

[2] Plaintiff did file a Rule 56(f) affidavit in response to Grover's summary judgment motion. The district court, in its discretion, did not defer its summary judgment ruling for additional discovery. *Houck*, 912 F. Supp. at 1437-38. Plaintiff does not take issue with this ruling.

pending motion before the court; this is not a situation where the district court has failed to exercise its discretion.

*Garrett* is distinguishable on its facts. In that case, the nonmoving party filed a motion to compel production of documents, which was still pending when the district court granted summary judgment. The court held that "although not formally denominated as a request under Rule 56(f), under Ninth Circuit precedent Garrett's discovery motion was sufficient to raise the issue of whether he should be permitted additional discovery." *Garrett*, 818 F.2d at 1518. After recognizing that Rule 56(f) requires the opposing party to be clear about the information sought and how it would preclude summary judgment, the court found that the pending discovery motion satisfied the requirements of Rule 56(f). *Id.* at 1518-19.

This case does not involve a situation where the district court failed to exercise its discretion on a pending motion. The magistrate judge granted the motion to compel before the district court ruled on the City's summary judgment motion. Further, neither plaintiff's summary judgment motion nor his motion to compel or related responsive pleadings satisfied the Rule 56(f) requirements of specifying how the disputed discovery would enable him to present essential facts in opposition to the City's motion for summary judgment. *See Universal Money Ctrs, Inc. v. American Tel. & Tel. Co.*, 22 F.3d 1527, 1536 (10th Cir. 1994) (recognizing that, even assuming strict compliance with Rule 56(f) is not required,

the plaintiff failed to demonstrate in its motion to compel how additional time would enable it to rebut the defendant's allegations of no genuine issues of fact, as required by Rule 56(f)). There is no requirement in Rule 56 that discovery be complete before summary judgment can be entered. *See Public Serv. Co. v. Continental Cas. Co.*, 26 F.3d 1508, 1518 (10th Cir. 1994). Plaintiff did not show his inability to oppose the summary judgment motion without the discovery sought, *see id.*, and the district court was within its discretion to decide the summary judgment motion before the City had complied with the order to compel.

Plaintiff argues that the district court erred in granting defendants' summary judgment on his § 1983 claims. We agree with the district court that plaintiff failed to meet his burden of showing that Chief Grover was deliberately indifferent, either to plaintiff's medical needs or in Grover's alleged failure to train, as well as the district court's disposition of plaintiff's § 1983 claim against the City. We also agree with the district court's findings and analysis on plaintiff's claims that the City violated the ADA by terminating his employment because of his mental disability and retaliating against him for his disability leave request and his administrative complaint. We affirm the district court's disposition of all these issues for substantially the same reasons relied on by the

district court.    *See Houck*, 942 F. Supp. at 497-98;    [3] *Houck*, 978 F. Supp. at

1404-07, 1402-04.    [4]

AFFIRMED.


                                        Entered for the Court


                                        Paul J. Kelly, Jr.
                                        Circuit Judge

---

[3]    Because we affirm the district court's finding that plaintiff did not make the necessary showings to sustain his § 1983 claim against Grover, we do not reach the issue of Grover's qualified immunity.

[4]    The district court made it clear that it was not basing its rejection of plaintiff's ADA claims on estoppel related to plaintiff's receipt of Social Security benefits.  Consequently, we do not reach the issue on appeal.