IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-60545
_____

GALAXY TIRE, INC.,

Plaintiff-Appellant,

versus

DENNIS TERWILLIGER; 399 VENTURE PARTNERS, INC.;
GORDON M. CLARK; KATHLEEN ETHERINGTON; JACK O'MARA;
CITICORP VENTURE CAPITAL, LTD.,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi, Jackson Division
(5:97-CV-71-BS)
- - - - - - - - - -

July 14, 1999

Before GARWOOD, DUHÉ, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Galaxy Tire, Inc. ("Galaxy") appeals the district court's grant of summary judgment to the Defendants and its effective denial of Galaxy's Rule 56 request to pursue discovery. We vacate and remand.

The case arises out of Galaxy's September 1996 purchase of 1.1 million unissued shares in Condere Corp. ("Condere"), a 21-percent stake in the company, at $4.00 per share. After Condere subsequently fell into bankruptcy, Galaxy brought suit against

_____

[*]. Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

Condere's key stockholders and Citicorp Venture Capital, Ltd., the controlling entity of a key stockholder. Galaxy alleged fraudulent inducement to purchase, breach of contract, promissory estoppel, breach of good faith and fair dealing, tortious interference with business relations and contract, breach of fiduciary duty, and misappropriation of trade secrets. On January 8, 1998, the Defendants moved for Rule 12(b)(6) dismissal or alternatively for summary judgment. On February 2,[2] the district court instructed the parties to agree upon a one-year schedule for discovery. Citing the Private Securities Litigation Act of 1995,[3] the Defendants refused to comply with any discovery requests until the district court ruled on the motion to dismiss. Galaxy sought a discovery order from the magistrate judge to obtain subpoenas duces tecum to preserve evidence in the hands of third parties to the case. On February 13, Galaxy opposed the Defendants' motion to dismiss or for summary judgment. Pursuant to Federal Rule of Civil Procedure 56(f),[4] Galaxy submitted an

2. All dates are 1998 unless otherwise stated.
3. The Act provides, in part:
   In any action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.
15 U.S.C. § 78u-4(b)(3)(B).
4. Rule 56(f) provides:
   Should it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or

affidavit of counsel with a request for continuance to pursue discovery. The discovery motion before the magistrate and Galaxy's Rule 56(f) request for discovery were still pending, and no discovery had taken place, when the district court granted summary judgment to the Defendants on July 31.

"When a party moves the court under [Rule] 56(f) for a continuance to allow additional discovery, 'he directly and forthrightly invokes the trial court's discretion.'" *American Lease Plans, Inc. v. Silver Sands Co.*, 637 F.2d 311, 317-18 (5th Cir. Feb. 1981) (citing 6 James Wm. Moore et al., *Moore's Federal Practice* ¶ 56.24 (1980)); *accord United States v. Little Al*, 712 F.2d 133, 135 (5th Cir. 1983). This Court, therefore, generally reviews only for abuse of discretion a district court's decision to deny a Rule 56(f) request for additional discovery. *See Solo Serve Corp. v. Westowne Associates*, 929 F.2d 160, 167 (5th Cir. 1991).[5]

---

may make such other order as is just.
Fed. R. Civ. P. 56(f).
    5.   Galaxy argues that because the district court failed to consider the Rule 56(f) motion *at all*, it failed to exercise its discretion. Consequently, Galaxy asserts, this Court should review the district court's decision de novo. Ample precedent from the Ninth Circuit supports Galaxy's contention that these circumstances warrant de novo review. *See, e.g., Byrd v. Guess*, 137 F.3d 1126, 1135 (9th Cir. 1998); *Qualls v. Blue Cross*, 22 F.3d 839, 844 (9th Cir. 1994). Furthermore, other circuits, without specifically announcing de novo review, have agreed that granting summary judgment without ruling on a pending Rule 56(f) request is a failure to exercise judicial discretion. *See, e.g., Patty Precision v. Brown & Sharpe Manufacturing Co.*, 742 F.2d 1260, 1265 (10th Cir. 1984). This Circuit has not addressed the question, and we need not do so here, because under either standard we would vacate the grant of summary judgment and effective denial of the 56(f) motion.

From the record, it appears that the district court mistakenly overlooked Galaxy's Rule 56(f) motion and accompanying affidavit. Its opinion mentions neither the Rule 56(f) request nor the discovery motion that was pending before the magistrate judge. Instead, the opinion states: "Galaxy argues that the Court should not consider the Motion as one for summary judgment because discovery has not been completed. Galaxy offered no explanation as to what additional discovery it needed." To the contrary, Galaxy's affidavit of counsel accompanying its 56(f) motion stated specifically which parties Galaxy wanted to depose and what information it hoped to get from each party. The district court's failure to mention this leads us to the conclusion that it did not consider the motion or affidavit.

In general, a district court should not grant summary judgment before the parties have completed discovery. *See Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 354 (5th Cir. 1989). This is especially true in cases like this one, where motive and intent are factors that must be shown in order for the plaintiff to prove his cause. *See, e.g.*, *Fine v. American Solar King Corp.*, 919 F.2d 290, 298 (5th Cir. 1990) (noting in a Rule 10b-5 case that summary judgment should be used sparingly because motive and intent are at issue). Rule 56(f) is a safeguard designed to protect against a premature or improvident grant of summary judgment. *See Washington v. Allstate Insurance Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990) (citing 10A Charles Alan Wright et al., *Federal Practice and Procedure* § 2740 (2d ed. 1983)). A Rule

56(f) continuance of a motion for summary judgment "'should be granted almost as a matter of course' unless 'the non-moving party has not diligently pursued discovery of the evidence.'" *Wichita Falls Office Associates v. Banc One Corp.*, 978 F.2d 915, 919 n.4 (5th Cir. 1992) (quoting *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991)). A party is not dilatory in seeking discovery when a court-ordered stay of discovery is in effect or when discovery efforts have otherwise been impeded, as they were for Galaxy. *See, e.g.*, *id.* at 920 (finding that a party requesting Rule 56(f) discovery was not dilatory when it reasonably awaited the outcome of pending settlement negotiations before conducting further discovery); *International Shortstop*, 939 F.2d at 1268 (finding that a party requesting Rule 56(f) discovery was not dilatory when the other party had consistently opposed discovery requests on the ground of attorney-client privilege).

From these standards, it is clear that, had the district court been aware of Galaxy's Rule 56(f) motion and accompanying affidavits, it would not have granted summary judgment without, at a minimum, explaining why it would refuse the Rule 56(f) motion.

We therefore VACATE the grant of summary judgment and REMAND to the district court to consider Galaxy's Rule 56(f) motion.