UNITED STATES COURT OF APPEALS
**Filed 4/9/96**TENTH CIRCUIT

_____

JAMES A. GRAGG,                                    )
                                                   )
       Plaintiff-Appellant,                        )
                                                   )
    v.                                            )        No. 95-3339
                                                   )   (D.C. No. 95-3303-GTV)
                                                   )       (D. Kan.)
DAVID R. McKUNE, Warden, Lansing                   )
Correctional Facility; ROBERT PAYNE,               )
Shift Supervisor, Lansing Correctional             )
Facility; LT. M.J. RALLS, Officer in Charge,       )
Intelligence & Investigation, Lansing              )
Correctional Facility; H.R. WOODCOCK,              )
Investigator, Lansing Correctional Facility,       )
REX PRIOR, Principal Administrator, East           )
Unit, Lansing Correctional Facility; WILLIAM       )
LUCAS, Acting Unit Team Manager, East              )
Unit, Lansing Correctional Facility; LES           )
SEIVERS, Unit Team, East Unit, Lansing             )
Correctional Facility; E.L. RICE, Unit Team        )
Manager, Maximum Security Facility A-1,            )
Cellhouse, Lansing Correctional Facility,          )
                                                   )
       Defendants-Appellees.                       )

_____

ORDER AND JUDGMENT[*]

_____

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered

_____

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of Tenth Cir. R. 36.3.

submitted without oral argument.

Plaintiff James A. Gragg, appearing pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim upon which relief can be granted. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

Plaintiff, an inmate at the Lansing Correctional Facility (LCF), filed this §1983 action against the warden and various other employees of LCF. He alleged that in June 1995, prison officials issued a disciplinary report against him and placed him in maximum security facilities for attempting to communicate, via telephone and mail, with his wife concerning the status of their ongoing divorce proceedings. According to the complaint, plaintiff received a hearing on the report, at which time the charges against him were dismissed. Plaintiff claims that defendants violated his constitutional rights by (1) failing to comply with various Kansas Administrative Regulations in censoring his mail, filing a disciplinary report against him, and conducting a hearing on the charges contained in the report; (2) placing him in the maximum security section of LCF pending the outcome of the hearing on the disciplinary report; and (3) failing to immediately transfer him back to minimum security when the charges were dismissed. Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages. In addition, plaintiff seeks restoration of any good time credits which may have been forfeited due to issuance of the disciplinary report. Finally, plaintiff asks the court to find defendants guilty of criminal conduct and to prohibit them from further employment with the State of Kansas.

In its order dismissing plaintiff's complaint, the district court held that, to the extent he was challenging issuance of the disciplinary report, plaintiff failed to state a claim because he acknowledged violating a direct order and because the disciplinary

2

report was ultimately dismissed. As for plaintiff's request for restoration of good time credits, the court held that plaintiff was seeking habeas relief and, therefore, must present his claims to the Kansas state courts before seeking federal habeas corpus relief.

Having reviewed plaintiff's complaint and his appellate pleadings, we agree with the findings of the district court. In addition, we make the following brief comments. To the extent that plaintiff is seeking relief for alleged violations of Kansas Administrative Regulations, he has failed to state a claim upon which relief can be granted under § 1983. Jones v. City and County of Denver, 854 F.2d 1206, 1209 (10th Cir. 1988) ("Section 1983 does not . . . provide a basis for redressing violations of *state* law, but only for those violations of *federal* law done under color of state law."). Likewise, to the extent that plaintiff is complaining about his placement in maximum security pending the outcome of the disciplinary hearing, he has also failed to state a claim cognizable under § 1983. "Changing an inmate's prison classification ordinarily does not deprive him of liberty, because he is not entitled to a particular degree of liberty in prison." Templeman v. Gunter, 16 F. 3d 367, 369 (10th Cir. 1994); see also Meachum v. Fano, 427 U.S. 215, 225 (1976).

We AFFIRM the order of the district court. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

3