F I L E D
United States Court of Appeals
Tenth Circuit

FEB 1 1999

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

MARY K. TAYLOR,

        Plaintiff-Appellant,

v.

FRANK HARRINGTON, individually and in his official capacity as an Officer of the City and County of Denver Police Department; JIM COLE, individually and in his official capacity as a Cadet Officer of the City and County of Denver Police Department; RANDY PENN, Sergeant, individually and in his official capacity as an Officer of the City and County of Denver Police Department; MARK VASQUEZ, Lieutenant, individually and in his official capacity as an Officer of the City and County of Denver Police Department; JOHN and/or MARY DOES, individually and in their official capacity as Officers of the City and County of Denver Police Department, and the CITY AND COUNTY OF DENVER;

        Defendants-Appellees,

ALEX WOODS, JR., individually and in his official capacity as an


Officer of the City and County of Denver Police Department,

No. 97-1170
(D.C. No. 95-N-3141)
(D. Colo.)

Defendant-Cross-
Claimant-Appellee,

v.

DENVER, CITY AND COUNTY OF

Defendant-Cross-
Defendant-Appellee.

---

**ORDER AND JUDGMENT** [*]

---

Before **PORFILIO** , **BALDOCK** , and **HENRY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Mary K. Taylor appeals from the district court's order granting defendants'

motions to dismiss her claims under 28 U.S.C. § 1983. [1] Her federal civil rights

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] The district court's order also disposed of cross-claims brought by defendant Woods against the City and County of Denver and declined to exercise

-2-

suit against defendants sought money damages, costs, and attorneys fees for injuries she allegedly suffered as a result of defendants' actions following a domestic violence assault by defendant Woods.

"We review the denial or grant of a motion to dismiss de novo, applying the same standard used by the district court." Breidenbach v. Bolish, 126 F.3d 1288, 1291 (10th Cir. 1997). Further, "we must accept all of the well-pleaded allegations in the complaint as true. However, we need not accept conclusory allegations. We must liberally construe the pleadings and draw all reasonable inferences in favor of the plaintiff." Tonkovich v. Kansas Bd. of Regents, 159 F.3d 504, 510 (10th Cir. 1998) (citations omitted). In this case, the district court's grant of defendants' motion to dismiss was based on its conclusion that defendants were entitled to qualified immunity. See Dill v. City of Edmond, 155 F.3d 1193, 1203-04 (10th Cir. 1998). We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

On appeal, plaintiff contends that the district court applied improper legal standards to dismiss her claims and asserts that defendants should not have been granted qualified immunity. She also argues several theories of liability not presented to the district court, including her contentions that defendant police

---

jurisdiction over appellant's pendent state law claims. These rulings were not appealed.

officers failed to intervene despite a duty to do so and that the City and County of Denver was deliberately indifferent to plaintiff's rights. We decline to address theories or arguments not presented to the district court. See Bancamerica Commercial Corp. v. Mosher Steel of Kan., Inc., 100 F.3d 792, 798-99 (10th Cir.), opinion amended on other grounds, 103 F.3d 80 (10th Cir. 1996).

The district court, in a thorough and reasoned opinion, concluded that, while plaintiff had adequately pleaded a conspiracy claim under § 1983, see Appellant's App. at 121, she had failed to demonstrate that any of her federal or constitutional rights had been thereby deprived or even implicated. See id. at 123-27. We agree with the district court's analysis rejecting plaintiff's claims. However, we part company with the district court in its grant of qualified immunity to defendants on each of those claims. Although examination of a qualified immunity defense in a motion to dismiss is necessarily restricted to a review of the pleadings and involves a heightened pleading standard, see Dill, 155 F.3d at 1203-04, we conclude that the interplay of standards does not require that the motion to dismiss be determined solely on the basis of the grant or denial of qualified immunity. "We must first assess whether Plaintiff has asserted a violation of a constitutional right. *If the complaint alleges a valid claim,* then we must determine whether the constitutional right was clearly established so that

-4-

reasonable officials would have understood that their conduct violated that right." Dill, 155 F.3d at 1204 (quotation and citations omitted) (emphasis added).

We are free to affirm the district court's judgment on alternate grounds, provided the record is sufficient to permit conclusions of law. See United States v. Sandoval , 29 F.3d 537, 542 n.6 (10th Cir. 1994). In accord with the district court's analysis, we conclude that the following claims should have been dismissed for failure to state a claim: a) plaintiff's conclusory assertions of rights to safety and security, freedom from threats from the state, and exercise of federal and state constitutional rights; b) any claims based on violation of state law; c) plaintiff's free speech claim; d) her due process claim; and e) her equal protection claim. To the extent that the district court construed plaintiff's pleadings as including claims regarding access to the courts, those claims should have been dismissed both on grounds of standing (as to claims regarding prosecution of defendant Woods) and for failure to state a claim (as to claims regarding plaintiff's access to the courts). Similarly, without an underlying deprivation of federal or constitutional rights, plaintiff's § 1983 claims against defendant the City and County of Denver fail to state a claim.

In light of the above conclusions, we need not address plaintiff's arguments that the district court wrongly granted defendants qualified immunity on her claims. However, we note again that, contrary to those arguments, liability under

-5-

§ 1983 cannot be based on violation of state law alone.      See Jones v. City &

County of Denver , 854 F.2d 1206, 1209 (10th Cir. 1988).

The judgment of the United States District Court for the District of

Colorado is AFFIRMED.


Entered for the Court


Robert H. Henry
Circuit Judge