**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 21 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

SHIRLEY MAXEY,

       Plaintiff-Appellant,

v.

FAYE BANKS; STEVE EASON;
SHANE FRIX; POLICE
DEPARTMENT OF THE CITY OF
MUSKOGEE,

       Defendants-Appellees.

No. 00-7137
(D.C. No. 99-CV-259-B)
(E.D. Okla.)

**ORDER AND JUDGMENT** *

Before **EBEL**, **KELLY**, and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Shirley Maxey, proceeding pro se, appeals the district court's order granting summary judgment to defendants Faye Banks, Steve Eason, Shane Frix, and the Police Department of the City of Muskogee. Plaintiff also appeals the district court's order denying her amended motion to reconsider. Our jurisdiction arises under 12 U.S.C. § 1291. We affirm.

I.

Plaintiff is a black resident of Muskogee, Oklahoma. Defendants Banks, Eason, and Frix are police officers employed by the Police Department of the City of Muskogee. Plaintiff filed suit against defendants under 42 U.S.C. § 1983, claiming that they failed to properly investigate the shooting death of her son because he was black. Plaintiff claims that defendants thereby violated her rights to due process and equal protection because they failed to provide her with the same type of police services that are provided to other residents of Muskogee. Plaintiff also claims that the police department had a policy and custom of failing to properly investigate the deaths of black residents, and she has asserted a separate claim under § 1983 against the City of Muskogee for municipal liability. The district court entered summary judgment in favor of defendants on all of plaintiff's claims, finding that the individual defendants are entitled to qualified immunity with respect to plaintiff's due process and equal protection claims and

that plaintiff failed to put forth sufficient evidence to establish that the police department had a policy or custom of failing to investigate the deaths of blacks.

## II.

"We review the grant . . . of summary judgment de novo, applying the same legal standard used by the district court pursuant to Fed. R. Civ. P. 56(c)." *Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir. 1996) (quotation omitted). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "When applying this standard, we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." *Kaul,* 83 F.3d at 1212 (quotation omitted). However, because the party opposing a motion for summary judgment must set forth "specific facts" to defeat the motion, Fed. R. Civ. P. 56(e), "[u]nsupported conclusory allegations . . . do not create a genuine issue of fact." *L&M Enters., Inc. v. BEI Sensors & Sys. Co.*, 231 F.3d 1284, 1287 (10th Cir. 2000).

As set forth above, the district court entered summary judgment in favor of the individual defendants based on their qualified immunity. "Because of the underlying purposes of qualified immunity, we review summary judgment orders

deciding qualified immunity questions differently from other summary judgment decisions." *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001). Most importantly, "[a]fter a defendant asserts a qualified immunity defense, the burden shifts to the plaintiff," and "[t]he plaintiff must first establish that the defendant's actions violated a constitutional or statutory right." *Id.* (quotation omitted). If the plaintiff fails to satisfy this threshold burden, the inquiry ends, and the defendant is entitled to summary judgment. *Id.*

## III.

For the reasons set forth below, we affirm: (1) the district court's entry of summary judgment in favor of defendants on plaintiff's due process, equal protection, and municipal liability claims; (2) the district court's denial of plaintiff's request under Fed. R. Civ. P. 56(f) for a continuance to conduct additional discovery; (3) the district court's denial of plaintiff's motion to compel certain discovery; and (4) the district court's denial of plaintiff's amended motion to reconsider.

1. Due Process, Equal Protection, and Municipal Liability Claims

Plaintiff does not have a federal due process right to a police investigation. *See DeShaney v. Winnebago County Dep't of Soc. Serv.*, 489 U.S. 189, 195-97 (1989) (holding that Due Process Clause generally does not impose affirmative

duty on states to aid or protect their citizens). [1] It is well established, however, that local municipalities and individual police officers violate the Equal Protection Clause if they selectively discriminate against racial minorities in providing police protection or services. *Id.* at 197 n.3; *Watson v. City of Kan. City,* 857 F.2d 690, 694 (10th Cir. 1988). Nonetheless, plaintiff has failed to put forth sufficient evidence to support her claim that defendants failed to properly investigate her son's death because of his race, and defendants were therefore entitled to summary judgment on plaintiff's equal protection claim. *See Gomez v. Whitney* , 757 F.2d 1005, 1006 n.1 (9th Cir. 1985) (affirming entry of summary judgment against plaintiff on claim that local police department performed inadequate investigation of son's death where plaintiff failed to show that alleged failure to investigate was motivated by son's race as required to prove equal protection violation).

"Proof of racially discriminatory intent or purpose is required to demonstrate a race-based violation of the Equal Protection Clause," *Villanueva v. Carere* , 85 F.3d 481, 485 (10th Cir. 1996), and "a plaintiff in an equal protection action has the burden of demonstrating discriminatory intent," *Watson* , 857 F.2d

_____

[1] There are two recognized exceptions to this rule: first, where a governmental actor creates the danger to which a citizen is exposed; and second, where a special custodial relationship is created between state and citizen. *Armijo v. Wagon Mound Pub. Sch.* , 159 F.3d 1253, 1260 (10th Cir. 1998). Neither of these exceptions apply here.

at 694.  Although "[t]he discriminatory purpose need not be the only purpose, . . . it must be a motivating factor in the decision." *Villanueva,* 85 F.3d at 485 (quotation omitted).  Thus, to survive summary judgment, plaintiff must go beyond the allegations in her pleadings, and she must set forth specific facts showing that race was a motivating factor in defendants' alleged failure to properly investigate her son's death.  *See Watson* , 857 F.2d at 694.

Plaintiff has failed to meet this burden.  In fact, plaintiff alleges that the "*true reason and motive* " for the individual defendants' failure to conduct a proper investigation of her son's death was the fact that they were attempting to cover up the fact that they botched the investigation.  *See* plaintiff's Opening Brief at 3 (emphasis added).  [2]  Even if this allegation is true, the officers' conduct was not a violation of plaintiff's right to equal protection unless there was also a racially motivated animus, and plaintiff has failed to put forth such evidence.  Instead, plaintiff's equal protection claim is based solely on her own conclusory and unsupported allegations, and she has failed to put forth any admissible evidence showing that the individual defendants purposefully failed to properly

---

[2]  Plaintiff alleges that, immediately after her son's death, the individual defendants interrogated the three juveniles who were with her son at the time of the shooting without their parents or a lawyer being present.  According to plaintiff, defendants thereby violated the juveniles' constitutional rights and any evidence obtained from them was rendered inadmissible.

investigate her son's death because of his race. [3] Plaintiff has also failed to put forth any admissible evidence showing that the City of Muskogee, through its police department, had a general policy or custom of not properly investigating crimes involving black victims as is required to establish a § 1983 claim for municipal liability. *See Watson*, 857 F.2d at 695. Accordingly, we agree with the district court that defendants were entitled to summary judgment on plaintiff's equal protection and municipal liability claims. [4]

---

[3] An autopsy was not performed on plaintiff's son prior to his burial, and plaintiff alleges that the individual defendants conspired to prevent an autopsy from being performed so that the true cause of her son's death would not be determined. As part of the alleged conspiracy, plaintiff asserts that defendants violated Oklahoma law by failing to report her son's death to the state medical examiner and by convincing her son's treating physician not to report his death to the state medical examiner. However, defendants' alleged violations of state law cannot, standing alone, form the basis for a § 1983 claim. *See Jones v. City & County of Denver*, 854 F.2d 1206, 1209 (10th Cir. 1988). In addition, while plaintiff has pointed out several other deficiencies and inconsistencies with respect to the investigation into her son's death (*i.e.*, failure to immediately interview certain witnesses, eventual negative gun residue test for her son's hands, and inconclusive reopening of the investigation), these circumstantial factors, without more, do not raise a palpable inference of racial discrimination.

[4] Plaintiff also asserted a conspiracy claim against the individual defendants, but the district court found that plaintiff's conspiracy claim fails under either § 1983 or § 1985. We agree. To establish an actionable conspiracy under § 1985(3), plaintiff must prove that the conspiracy was motivated by "some racial or otherwise class-based discriminatory animus." *See Dixon v. City of Lawton*, 898 F.2d 1443, 1447 (10th Cir. 1990) (quotation omitted). Plaintiff has failed to establish such an animus, and her § 1985 conspiracy claim therefore fails. To establish an actionable conspiracy under § 1983, plaintiff must prove that defendants conspired to deprive her of a constitutional or federally protected right. *See id.* at 1449 n.6. Plaintiff has failed to establish any such deprivation,

(continued...)

-7-

2.  Rule 56(f)

The district court construed a statement in plaintiff's response to defendants' motion for summary judgment as a request for a continuance to conduct additional discovery under Fed. R. Civ. P. 56(f), but the court denied the request. We review the district court's denial of plaintiff's Rule 56(f) motion for an abuse of discretion. *See Jensen v. Redevelopment Agency of Sandy City*, 998 F.2d 1550, 1553 (10th Cir. 1993). We agree with the district court's analysis under Rule 56(f), and we hold that the district court did not abuse its discretion in denying plaintiff's motion.

3.  Plaintiff's Motion to Compel

Plaintiff claims that defendants have engaged in a conspiracy to conceal information by failing to fully respond to her discovery requests. She also claims prejudice resulting from the district court's failure to rule on a motion to compel. Specifically, plaintiff claims that the district court erred by failing to order defendants to produce: (1) the results of all the gun residue tests that were performed on the three juveniles who were with her son at the time of the shooting; (2) registration and ownership records for the gun used in the shooting and for another gun found at the scene; (3) the results of any fingerprint tests that

---

[4](...continued)
and her § 1983 conspiracy claim also fails.

were performed on the guns; and (4) the police department's investigative files pertaining to the deaths of two other black residents of the City of Muskogee. We will treat the district court's inaction on plaintiff's motion to compel as an implicit denial, which we review for an abuse of discretion. *See Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1169 (10th Cir. 2000).

The district court did not abuse its discretion in denying plaintiff's motion to compel. First, in her capacity as an officer of the district court and subject to the requirements of Fed. R. Civ. P. 11, defendants' counsel represented to the district court that defendants had produced the police department's entire investigative file on the death of plaintiff's son. Absent a specific showing of wrongdoing, the district court did not abuse its discretion by relying on counsel's representation. Although there may have been additional relevant investigatory materials in the possession of other entities such as the Muskogee County District Attorney's Office or the Oklahoma State Bureau of Investigation, it was plaintiff's obligation to request any such materials directly from these entities by means of a subpoena duces tecum, and the district court did not abuse its discretion in refusing to compel the production of any documents or other items that were not in defendants' possession. [5]

---

[5] We also disagree with plaintiff's claim that defendants failed to produce the results of all the gun residue tests that were performed on the three juveniles. As

(continued...)

-9-

Second, the materials requested by plaintiff only pertain to the nature and quality of the investigation that was performed by defendants, and they do not, by themselves, have any direct relevance to the paramount issue in this case of whether plaintiff can prove racial discrimination. Thus, even assuming that defendants did not perform proper gun residue or fingerprint tests or properly investigate the ownership and registration of the guns, plaintiff has failed to prove that these omissions occurred because her son was black.

Finally, with respect to plaintiff's request for the investigative files pertaining to the deaths of two other black residents of Muskogee, this request was not reasonably calculated to lead to the discovery of admissible evidence, given the fact that one of the deaths occurred in 1980 and the other in 1982 or 1983.

---

[5](...continued)
we read the record, a "Gunshot Residue Evidence Collection Kit" was only used on Lonniel R. Carreathers, and the results of that test, which were obtained from the Oklahoma State Bureau of Investigation, were produced to plaintiff. *See* R., Vol. 1, No. 58, at DM0008-9, 28-29. The gun residue testing that was done on the other two juveniles was performed by defendants Banks and Eason using a hand-held black light, and the results of those tests are set forth in the respective investigative reports, which were also produced to plaintiff. *See id.* at DM0008-9, 15.

4. Order Denying Amended Motion to Reconsider

The district court entered the judgment dismissing plaintiff's claims on September 26, 2000. Plaintiff filed her amended motion to reconsider on October 10, 2000. Under Fed. R. Civ. P. 6(a), the motion was filed within ten days of the entry of judgment, and we therefore treat the motion as a timely motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). *See Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995) (holding that motion to reconsider filed within ten days of district court's entry of judgment is treated as Rule 59(e) motion); Advisory Committee Notes to 1995 Amendments to Rule 59(e) (noting "that under Rule 6(a) Saturdays, Sundays, and legal holidays are excluded in measuring the 10-day period" for filing motion under Rule 59(e)).

We review the district court's denial of the Rule 59(e) motion for an abuse of discretion. *See Wright v. Abbott Laboratories, Inc.*, 259 F.3d 1226, 1232, 1235 (10th Cir. 2001). Under the abuse of discretion standard,

> a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances. That is to say, we will not alter a trial court's decision unless it can be shown that the court's decision was an arbitrary, capricious, whimsical, or manifestly unreasonable judgment.

*Id.* at 1236 (quotations omitted). Having carefully considered the district court record, we see no abuse of discretion.

-11-

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge