**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 9, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CLIFFORD HOOD,

      Plaintiff - Appellant,

v.

PRISONER HEALTH SERVICES, INC.; MARVIN L. METTSCHER, R.N., Health Services Administrator, Hutchinson Correctional Facility; JIM BAKER, M.D., State Medical Director, Hutchinson Correctional Facility, official and individual capacity; DENNIS GOFF, Advanced Registered Nurse Practitioner, Hutchinson Correctional Facility, official and individual capacity; LOUISIA OSBORNE, Director of Nursing, Hutchinson Correctional Facility, official and individual capacity official and individual capacity; BOB ATKINSON, Clinical Director, Hutchinson Correctional Facility, official and individual capacity; LOUIS E. BRUCE, Warden, Hutchinson Correctional Facility, official and individual capacity; NADINE K. BELK, Employee of Prison Health Services, Hutchison Correctional Facility, official and individual capacity; (FNU) SANDERSON, Ms., Prison Health Services, Lansing Correctional Facility, official and individual capacity; (FNU) CHMUDLING, Ms., Prison Health Services, Lansing Correctional Facility, LPN acting in

No. 05-3198

D. Kansas

(D.C. No. 02-3305-GTV)

official and individual capacity; (FNU) MUDLINGS, Ms., Prison Health Services, Lansing Correctional Facility, LPN acting in official and individual capacity; (FNU) NAIK, Dr., Prison Health Services works at Lansing Correctional Facility, official and individual capacity; DAVID R. MCKUNE, Warden, Lansing Correctional Facility, official and individual capacity; DEBRA WHEAT, Employee of Prison Health Services and works at El Dorado Correctional Facility, Health Services Administrator, official and individual capacity; (FNU) PHAM, Dr., Prison Health Services works at El Dorado Correctional Facility, official and individual capacity; MICHAEL A. NELSON, Warden, El Dorado Correctional Facility, official and individual capacity; WILLIAM L. CUMMINGS, Secretary Designee, KS Department of Corrections; J. HICKS, Deputy; (FNU) OGLETREE, Unit Team Manager, KDOC, in his official and individual capacity; (FNU) GIBBONS, Unit Team Manager, KDOC, Lansing Correctional Facility, in his official and individual capaicty; RON ROGERS, KDOC, Unit Team Member, in his official and individual capacity; (FNU) HOUNG, Doctor, Prison Health Services, Lansing Correctional Facility, in his official and individual capacity; PATRICK MCKEE, in his official and individual capacity; ARAMARK CORRECTIONAL SERVICES, INC.;

-2-

LANSING CORRECTIONAL

FACILITY; KANSAS DEPARTMENT
OF CORRECTIONS,

  Defendants - Appellees.

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **HARTZ**, and **TYMKOVICH**, Circuit Judges.

---

  Appellant Clifford Hood has been a prisoner in the custody of the Kansas

Department of Corrections (KDOC) since February 1998. On September 23,

2002, he filed a civil rights complaint under 42 U.S.C. § 1983[1] in the United

States District Court for the District of Kansas.[2] He alleged violations of his

---

[*]After examining the brief and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] In his amended complaint, Mr. Hood cites 28 U.S.C. § 1983, but he clearly intends to invoke 42 U.S.C. § 1983. Given our liberal construction of *pro se* filings, *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)*,* we will correct the error, as did the district court.

[2] None of the defendants was served with the complaint. Thus, there are

(continued...)

rights to be free of cruel and unusual punishment, to due process, and to equal protection under both the Kansas and United States Constitutions. The district court summarily dismissed all his claims under 28 U.S.C. § 1915(e)(2)(B), and Mr. Hood appeals that decision.

Mr. Hood's amended complaint alleges that he suffers from a "'cavernous' hemangioma of the left lower extremity, present since birth, which results in left ankle swelling, recurrent ulcerations, and infections, and is attributed to a very large arterial venous malformation involving the left leg and left lower quadrant of the abdomen." R. Doc 17 at 13. All his claims in this suit stem from alleged inadequacies in the treatment of his condition by defendant Prison Health Services, a KDOC contractor, during his incarceration at three different KDOC facilities, and insufficient attention by KDOC and prison officials to restrictions on housing and work necessitated by his physical limitations. In two orders dated January 28, 2003, and (after Mr. Hood's filing of an amended complaint) March 28, 2005, the district court dismissed all claims on a variety of substantive and procedural grounds. We have jurisdiction under 28 U.S.C. § 1291 and, for substantially the same reasons stated in the district court's orders, we affirm.

---

[2](...continued)
no responses to the complaint, nor do they appear in this court on appeal.

Recognizing the statutory duty to exhaust administrative remedies before filing a federal complaint, *see* 42 U.S.C. § 1997e(a); *Fitzgerald v. Corr. Corp. of America*, 403 F.3d 1134, 1140-41 (10th Cir. 2005) ("42 U.S.C. § 1997e(a) requires exhaustion of administrative remedies as a precondition to bringing litigation, and requires dismissal where a litigant has failed to complete such exhaustion."), Mr. Hood's complaints cited and attached 15 administrative grievances that he filed with KDOC between December 1999 and April 2003, while he was incarcerated at the Hutchinson Correctional Facility, the Lansing Correctional Facility, and the El Dorado Correctional Facility.  (Although the district court acknowledged that after the filing of Mr. Hood's complaint he had sent the court some correspondence indicating that he continued to have issues with his treatment, the court correctly refused to address those claims because they had not been exhausted through the grievance process.)

The district court concluded that a two-year statute of limitations applied to Mr. Hood's claims under § 1983, so all the claims regarding his treatment at Hutchinson Correctional Facility were time-barred.  We review that determination de novo.  *See Plaza Speedway, Inc. v. United States*, 311 F.3d 1262, 1266 (10th Cir. 2002).  We have previously held that Kansas's two-year statute of limitations applies to § 1983 claims.  *See Hamilton v. City of Overland Park*, 730 F.2d 613, 614 (10th Cir. 1984).  The statute can be tolled for inmates "imprisoned for a

term less than [their] natural life" if they do not have "access to the court for purposes of bringing an action," Kan. Stat. Ann. § 60-515(a); but Mr. Hood neither presents any facts tending to show that he lacked access to the courts (in fact, when this suit was ultimately filed, he remained in KDOC custody) nor argues on appeal that the statute of limitations was incorrectly applied by the district court or should have been tolled. Therefore, we agree with the district court that all claims arising before September 23, 2000 are barred.

As to the allegations in the eight administrative grievances relating to his treatment at Lansing Correctional Facility and El Dorado Correctional Facility, we find no error in the district court's determination that these fail to state a claim for the deprivation of a right under federal law. Five of the eight grievances relate entirely to the quality of the medical care that Mr. Hood has received for his vascular condition. As the district court concluded, however, his factual allegations, which include failure to diagnose blood clots resulting from his condition, denial of his preferred pain medication, delays in providing prescribed medications and treatments, and refusal to send him to an outside specialist, cannot establish a constitutional violation:

> The administrative responses provided with the complaint clearly establish that plaintiff has repeatedly sought and obtained extensive medical attention, and that an appropriate non-narcotic medication has been offered as an alternative to the narcotic medication prescribed prior to plaintiff's incarceration. Although plaintiff may not care for the treatment decisions made by prison staff, his

disagreement with the medical care provided is insufficient to state a cognizable constitutional claim for seeking relief under § 1983.

R. Doc. 4 at 2-3 (Dist. Ct. Order, Jan. 28, 2003). Such disagreements with the treatment provided by prison medical staff do not in themselves rise to the level of deliberate indifference necessary to violate the Eighth Amendment. *See Perkins v. Kan. Dept. of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999). Furthermore, inadvertent or negligent failure to provide medical care, however serious the consequences, does not rise to "deliberate indifference to serious medical needs" and is not a constitutional violation. *See Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980); *see also Fitzgerald*, 403 F.3d at 1143. ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." (internal quotation marks omitted)).

Another grievance, in addition to making similar claims related to his medical care, also alleges that he was assaulted by his treating physician at the PHS clinic. Accepting as true the allegations of Mr. Hood, as we must when reviewing a dismissal for failure to state a claim, *see Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002), a PHS physician, after telling Mr. Hood that there did not appear to be anything wrong with him, "grab[bed him] by [his] shirtfront yank[ed him] out of [his] chair and yank[ed him] into the hallway." R. Doc. 1 Ex. J at 2. For the use of physical force in a prison setting to be a constitutional violation, however, it must involve the "unnecessary and wanton

infliction of pain." *See Sampley v. Ruettgers*, 704 F.2d 491, 495 (10th Cir. 1983);
*see also Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992) ("The Eighth
Amendment's prohibition of cruel and unusual punishments necessarily excludes
from constitutional recognition *de minimis* uses of physical force, provided that
the use of force is not of a sort repugnant to the conscience of mankind." (internal
quotation marks omitted)). We agree with the district court that the alleged minor
physical encounter with a PHS doctor is not sufficiently serious to constitute a
constitutional violation.

Mr. Hood's final two claims relate to housing and work assignments that
were inconsistent with his documented medical restrictions. Both incidents
appear to have resulted from careless, even negligent, recordkeeping, but each
was corrected upon Mr. Hood's filing of a grievance. Such incidents of
negligence, while unfortunate, cannot be the basis of a constitutional claim of
either deliberate indifference to his medical needs under the Eighth Amendment
or of a deprivation of due process under the Fourteenth Amendment. *See Board
of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 410 (1997)
("[D]eliberate indifference is a stringent standard of fault, requiring proof that
[an] actor disregarded a known or obvious consequence of his action." (internal
quotation marks omitted)); *Harris v. Maynard*, 843 F.2d 414, 415 (10th Cir. 1988)
("[U]nder the due process clause of the Fourteenth Amendment no constitutional

deprivation occurs as a result of the negligent acts of prison officials . . . .").  We affirm the district court's dismissal of these claims.

Mr. Hood also alleges falsification of his records in a conspiracy to obfuscate the errors in his housing and work-assignment records.  Because these errors were soon corrected, as mentioned above, we fail to see how he sustained any injury, let alone an injury of constitutional magnitude, from the alleged cover-up, which appears to fall somewhere between a confusion over his medical status and affirmative misstatements about the reasons for overlooking that status in his housing and work assignments.  The same can be said for his assertion of a violation of due process from the prison's consolidation of two of his grievances for purposes of an administrative response.  We fail to understand how there was any denial of due process by combining the two separately filed grievances, although it is unclear from the record why this action was taken.  Furthermore, both we and the district court have addressed the allegations in both grievances, so Mr. Hood has suffered no prejudice from consolidation.

As for Mr. Hood's allegations of violations under the Kansas constitution, the district court correctly noted that they are not cognizable under § 1983.  *See Jones v. City and County of Denver*, 854 F.2d 1206, 1209 (10th Cir. 1988).  The court thus lawfully exercised its discretion not to assert supplemental jurisdiction under 28 U.S.C. § 1367.

We further affirm the district court's judgment as to all other claims and defendants for the reasons stated by that court.

We AFFIRM the judgment of the district court. Mr. Hood's motion for appointment of counsel for this appeal is DENIED.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge