**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 6, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ARTHUR WINKFIELD WALKER, JR.,

Plaintiff-Appellant,

v.

CATHY WILKERSON, Department Of
Corrections General Counsel,

Defendant-Appellee.

No. 08-6217
(D.C. No. 5:08-CV-00603-HE)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

---

Arthur Winkfield Walker, Jr., an Oklahoma state prisoner proceeding pro

se, appeals the dismissal of his 42 U.S.C. § 1983 civil rights complaint against

Cathy Wilkerson, general counsel for the Oklahoma Department of Corrections

("DOC"). Walker claims that Wilkerson violated his federal due process right to

access to the courts by denying his request for a copy of an unpublished court

---

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 32.1.

decision not available in the prison library.[1]  Exercising its screening function

under 28 U.S.C. § 1915A(a), the district court dismissed his complaint for failure

to state a claim, § 1915A(b)(1).[2]  We agree that Walker has failed to state a claim,

and because this appeal is frivolous, we dismiss.

To state a claim of denial of access to courts, an inmate must allege some

prejudice caused by the denial.  Lewis v. Casey, 518 U.S. 343, 351 (1996).

Where the basis of the complaint is the denial of legal resources, he must allege

that this denial "hindered his efforts to pursue a legal claim."  Id.  In his

complaint, Walker asserted without further explanation that he "is alleging actual

injury," and that Wilkerson's refusal "imped[ed] on [his] rights to attack his

sentence on [state court] appeal."  In his appellate brief in this court, he adds that

the unpublished decision he requested from Wilkerson "could be the one case that

persuades the Oklahoma Court of Criminal Appeals to reverse and remand my

guilty pleas."

---

[1] Walker also alleges that Wilkerson's actions violated DOC policy and Oklahoma state law.  The district court properly dismissed these claims on the basis that § 1983 provides a cause of action only for violations of federal law. See Jones v. City & County of Denver, 854 F.2d 1206, 1209 (10th Cir. 1988) ("Section 1983 does not . . . provide a basis for redressing violations of state law, but only for those violations of federal law done under color of state law.").

[2] Because the district court dismissed the complaint pursuant to its screening function, Wilkerson was never served below and does not appear before us on appeal.

We agree with the district court that these conclusory and speculative allegations are not sufficient to state the required element of prejudice. See Fed. R. Civ. P. 8(a)(2); Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations omitted)). Walker has not alleged that he was unable to file his appeal from his plea and sentence without the requested document, nor has he claimed that he filed such an appeal but lost some argument because of his lack of access to that document. See Lewis, 518 U.S. at 351-53. Although pro se complaints are liberally construed, we "will not supply additional factual allegations to round out a plaintiff's complaint." Whitney v. New Mexico, 113 F.3d 1170, 1174-75 (10th Cir. 1997). Lacking any factual allegation of actual, non-speculative harm to a pending or potential legal claim, Walker's complaint cannot survive dismissal and this appeal is frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Accordingly, we **DISMISS** the appeal.

Dismissal of Walker's appeal as frivolous counts as a strike against him, as does the district court's dismissal of his complaint. See Jennings v. Natrona County Det. Ctr. Med. Facility, 175 F.3d 775, 780 (10th Cir. 1999). Thus, Walker has accumulated two strikes for purposes of the filing restrictions set out in 28 U.S.C. § 1915(g). We **DENY** Walker's request to proceed in forma

- 3 -

pauperis on appeal and remind Walker that he is responsible for the immediate payment of any unpaid balance of his appellate fees.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge